UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| **FRANK JACKSON and ALBERT CANTU,** *Plaintiffs,* <br><br> v. <br><br> **HARDROCK LANDSCAPES, LLC and DAVID ROMAN,** *Defendants* | § § § § § § § § § <br><br> No. 1:21-CV-1003-DH |

## ORDER ON MOTION TO DISMISS COUNTERCLAIM

Before the Court is Plaintiff Frank Jackson's Motion to Dismiss Counterclaim, Dkt. 33, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following Order granting the motion and dismissing Defendants Hardrock Landscapes, LLC's and David Roman's counterclaim without prejudice as to refiling in state court.

### I.   BACKGROUND

This is a Fair Labor Standards Act case in which Plaintiffs Frank Jackson and Albert Cantu allege their employer failed to pay them overtime wages. Dkt. 22. Defendants Hardrock Landscapes, LLC, and David Roman filed counterclaims against Jackson, claiming conversion and breach of contract. Specifically, they claim:

> Conversion. Defendants owned the company truck, wheelbarrow, machine and chainsaw. That property was personal property. Jackson wrongfully exercised dominion or control over the property, and failed to return said personal property to Defendants. Defendants suffered injury thereby, and forced to expend money to replace and/or recover said personal property.

1

> Breach of Contract. The terms of employment were outlined in the "start package" given to Jackson in December of 2020. That start package required Jackson to promptly return all property of Defendants placed in Jackson's possession for the purpose of performing work on behalf of Defendants. Jackson did not promptly return, or indeed, return at all, the personal property of Defendants placed in his possession on or about August 24, 2021. This failure, combined with his failure to adequately perform his last job, damaged Defendant.

Dkt. 29, at 11-12. Jackson moves to dismiss the counterclaims of conversion and breach of contract arguing Defendants have not shown that these are compulsory counterclaims and that the Court should not exercise its discretion to consider these claims under its permissive supplemental jurisdiction.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts

evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.   DISCUSSION

### A.   Compulsory Counterclaim

Under Federal Rule of Civil Procedure 13(a)(1), a counterclaim is compulsory if it "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P 13(a)(1). All other counterclaims are permissive. Fed. R. Civ. P. 13(b).

A counterclaim arises out of the same transaction and occurrence as the original claim if: (1) the claims largely raise the same issues of fact or law; (2) claim preclusion would bar a subsequent suit on the counterclaim apart from the compulsory counterclaim rule; (3) the same evidence will support or refute the respective claims; or (4) there is a logical relation between the original claim and the counterclaim. *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997). The general rule in this circuit is that the claim is compulsory if one of these four tests is met. *Id.* at 86. The undersigned finds that, applying these factors, Defendants' conversion and breach of contract claims are not compulsory counterclaims to Jackson's FLSA claims.

First the parties dispute whether Jackson was in fact an employee or an independent contractor for the duration of the parties' relationship. Dkt. 29, at 6 (stating "Defendants deny the paragraph 17 allegation that at all times material to

this Complaint, Defendants were the employers of Plaintiffs, and as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment") Courts in this circuit have found that when a dispute exists over whether a plaintiff is an independent contractor or an employee, breach of contract and other state law claims are not compulsory. *See Naranjo v. Mainstage Mgmt., Inc.*, No. 3:21-CV-2883-B, 2022 WL 3582778, at *1-2 (N.D. Tex. June 24, 2022); *Coronado v. D. N.W. Houston, Inc.*, No. H-13-2179, 2014 WL 2779548, at *4 (S.D. Tex. June 19, 2014); *Cruz v. 3F Techs., L.L.C.*, No. 4:19-CV-4386, 2020 WL 1672423, at *3-4, *6 (S.D. Tex. Apr. 3, 2020); *Poole v. Dhiru Hosp., LLC*, No. SA-18-CV-636-XR, 2019 WL 3845454, at *9 (W.D. Tex. Aug. 15, 2019) (collecting cases and finding that counterclaims in FLSA cases are permissive rather than compulsory when "different evidence is needed to prove the claims" and their "only nexus [to the FLSA claims] is the employment relationship" between the parties); *Beck v. Access eForms, LP*, No. 4:16-cv-00985, 2018 WL 295414, at *4-5 (E.D. Tex. Jan. 4, 2018*).*

Additionally, applying the same transaction or occurrence test, to state a claim for conversion under Texas law, a plaintiff must plead four elements: (1) the plaintiff owned, possessed, or had the right to immediately possess the property; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded the return of the property; and (4) the defendant refused to return the property. *Arthur W. Tifford v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009). In the Fifth Circuit, a FLSA claim has four elements:

"(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019).

Defendants' conversion claim meets none of the requirements of a compulsory counterclaim. This claim is based on Jackson's alleged failure to return company-owned property. This claim bears no factual or legal relation to the hours he worked and whether he was paid overtime for those hours, the elements of an FLSA claim. Similarly, the same evidence would not support or refute the respective claims. The FLSA claim would be bolstered by evidence of hours worked and the amount paid, the conversion claim would center on property ownership and failure to return the property. *See Iniesta v. Ula's Washington, LLC*, No. H-17-2668, 2018 WL 3912256, at *3 (S.D. Tex. July 18, 2018), *report and recommendation adopted*, 2018 WL 3880286 (S.D. Tex. Aug. 15, 2018) (concluding that restaurant's counterclaims for theft, conversion, and fraud, which were related to an allegation that employee pocketed money paid by the restaurant's customers, had "nothing to do with the number of hours Plaintiff worked or the manner in which his tips were calculated").

And there is no logical relation between the original claim and the counterclaim, as they do not flow from each other—they are entirely separate. A logical relationship exists between a potential counterclaim and the principal claim when "the same operative facts serve as the basis of both claims or the aggregate core

of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1361-62, (5th Cir. 1979). That is not the case here.

Lastly, claim preclusion would not bar a subsequent state court suit on the conversion claim counterclaim apart from the compulsory counterclaim rule. Defendants' claims would not be barred by claim preclusion or res judicata in a subsequent suit. "Res judicata 'precludes the parties or their privies from relitigating issues that were or could have been raised' in a prior proceeding that was decided on the merits." *Butler v. Endeavor Air, Inc.*, 805 F. App'x 274, 276 (5th Cir. 2020) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "In Texas, for res judicata to apply, three elements must be present: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.'" *Calderon v. Bank of N.Y. Mellon*, 791 F. App'x 453, 456 (5th Cir. 2019) (quoting *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)).

Defendants' counterclaims would not meet the third element of this test because they are for conversion, a claim different from Plaintiff's FLSA claim. *See Cortes v. Distribuidora Monterrey Corp.*, No. 3:08-CV-1077-M, 2008 WL 5203719, at *1 (N.D. Tex. Dec. 11, 2008) (holding that employer's counterclaims for breach of contract, conversion, and theft "would not be barred by res judicata if brought in a later suit, because they do not involve the same claim or cause of action as the FSLA

6

claim"); *see also Cruz,* 2020 WL 1672423, at *4. Thus, Defendants' conversion claim is not a compulsory counterclaim subject to the Court's jurisdiction.

Similarly, the undersigned finds that Defendants' breach of contract claim is not compulsory. "The elements of a breach of contract action under Texas law are: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

Like their conversion claim, Defendants' breach of contract claims do not rest on the same operative facts, law, or evidence as Plaintiff's FLSA claim that Defendants failed to pay him overtime wages. Additionally, there is no logical relationship between the FLSA claim and any alleged breach of contract for failure to return Defendants' property. And, like the conversion claim, claim preclusion would not bar a subsequent suit on the breach of contract counterclaim. Defendants' counterclaims do not arise out of the same transaction and occurrence as the FLSA claims. The counterclaims are not compulsory but permissive.

Defendant's reliance on *Singer v. City of Waco, Texas*, 324 F. 3d 813, 828 n.9 (5th Cir. 2003), is not on point.[1] As a general rule, "[s]et-offs against back pay awards

---

[1] To the extent Defendants claim an offset, the undersigned adopts the reasoning in the caselaw finding that the Fifth Circuit's traditional bar on counterclaims and offsets in FLSA cases applies to compulsory counterclaims and not just permissive counterclaims. *See, e.g., Henderson v. Dat Dog Enters., LLC*, Civ. Action No. 17-17654, 2019 WL 158050, at *4-5 (E.D. La. Jan. 10, 2019); *Lund v. Hové Parfumeur, Inc.*, Civ. Action No. 18-6061, 2018 WL 6267926, at *2 (E.D. La. Nov. 29, 2018) (holding *Heard* bars all counterclaims in FLSA actions so long

deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions ...." *Id.* (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). In *Singer*, however, the Fifth Circuit recognized an exception to this general rule where "the money being setoff can be considered wages that the employer prepaid the plaintiff-employee." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010) (citing *Singer*, 324 F.3 at 826). That is not the case here, where Defendants seek damages for lost equipment and a chargeback to Defendants, which they blame on Jackson's "failure to adequately perform his job." No prepaid wages are alleged with regard to either the breach of contract or conversion claim. *See* Dkt. 29, at ¶¶ 42, 43. Accordingly, this argument fails. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (finding no clear error in district court's decision not to address counterclaims for breach of contract and fraud); *Brennan,* 491 F.2d at 4 (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act").

### B. Supplemental Jurisdiction Over Permissive Counterclaims

Because the counterclaims are permissive, there must be an independent jurisdictional basis for this court to exercise subject-matter jurisdiction over them. There is no original jurisdiction over the state-law counterclaims because they are

---

as they do not fall within the *Singer* exception) The bar also applies to the permissive counterclaims in this case.

between nondiverse parties and raise no federal question. The parties are all citizens of Texas. *See* 28 U.S.C. § 1332.

For the court to exercise supplemental jurisdiction over the proposed counterclaims, they must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts have held that under § 1367, even though permissive counterclaims do not arise out of the same transaction and occurrence, they may still form part of the same Article III case or controversy. *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010) (holding that "§ 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims"); *Jones v. Ford Motor Credit*, 358 F.3d 205, 212-13 (2d Cir. 2004) (finding that court could exercise supplemental jurisdiction over permissive counterclaim that satisfied § 1367(a)); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) (finding that court could exercise supplemental jurisdiction over permissive counterclaim because it satisfied § 1367(a)); *NatureSweet, LTD. v. Mastronardi Produce, LTD.*, No. 12-CV-1424, 2013 WL 460068, at *4 n. 4 (N.D. Tex. Feb.6, 2013) (discussing the difference between the "old understanding of counterclaims" requiring an independent jurisdictional grant and the court of appeals' decisions finding that it is no longer the case).

In this case, the proposed counterclaims do not form part of the same Article III case or controversy as the FLSA claims, because the legal and factual issues

arising from the breach of contract and conversion claim are not sufficiently related to the FLSA claims. As noted above, Defendants' proposed counterclaims require a different legal and factual analysis than the FLSA claims.

Even if there was supplemental jurisdiction over the counterclaims, the undersigned would decline to exercise it. Section 1367(c) states that "district courts may decline to exercise supplemental jurisdiction" when "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In FLSA cases, the Fifth Circuit has "been hesitant to permit an employer to file counterclaims ... for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin*, 628 F.3d at 740.

The Fifth Circuit and other courts have identified compelling reasons for district courts to decline to exercise supplemental jurisdiction over employers' proposed permissive counterclaims against FLSA plaintiffs. *Id.*; *Brennan*, 491 F.2d at 4; *Gagnon*, 607 F.3d at 1042. For those reasons, this Court declines to exercise supplemental jurisdiction over the proposed counterclaims. *See Coronado,* 2014 WL 2779548, at *4.

The undersigned concludes that there is no independent jurisdictional basis to exercise subject matter jurisdiction over the counterclaims in this case. Even if there were, the undersigned would decline to exercise supplemental jurisdiction over the permissive counterclaims advanced against Plaintiff in this case.

## IV.    ORDER

In accordance with the foregoing discussion, the undersigned **ORDERS** that Plaintiff Frank Jackson's Motion to Dismiss Counterclaim, Dkt. 33, be **GRANTED** and Defendants' counterclaims for breach of contract and conversion **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and as to refiling in state court.

SIGNED March 28, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE